UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HOWARD COHAN,

    Plaintiff,

v.

MAJOR UNIVERSAL LODGING, LLC,

    Defendant.

Case No. 6:23-cv-892-GAP-RMN

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration on a review of the docket. On August 16, 2023, Plaintiff filed a Motion for Entry of Clerk's Default. Dkt. 9. I denied Plaintiff's motion this afternoon. Dkt. 10. Now, I respectfully recommend dismissing this matter without prejudice for Plaintiff's failure to comply the requirements imposed by the Local Rules.

Pursuant to Local Rule 1.10(a), Plaintiff was required to file proof of service within twenty-one days after service of the summons and complaint. *See* Local Rule 1.10(a). But Plaintiff waited until August 16, 2023—eight-four days after service—to file his return of service. *See* Dkt. 8. Additionally, pursuant to Local Rule 1.10(b), Plaintiff was required to apply for clerk's entry of default within twenty-eight days of Defendant's failure to plead or otherwise

defend. *See* Local Rule. 1.10(b). Plaintiff did not comply with this deadline either, waiting instead to file his motion until August 16, 2023—sixty-three days after the responsive pleading deadline. *See* Dkt. 9.

Plaintiff did not move for an extension of either deadline. Where a party seeks to act after the time provided has expired, the party must file a motion that demonstrates the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). At no time did Plaintiff move under Federal Rule of Civil Procedure 6(b)(1) to extend a deadline, nor did he establish excusable neglect.

Moreover, Plaintiff's Motion for Entry of Clerk's Default (Dkt. 9) violates at least three requirements of Local Rules. First, the motion does not comply with the typography requirements of Local Rule 1.08. In fact, it appears that every document filed by Plaintiff violates the typography requirements imposed by Local Rule 1.08.

Next, Plaintiff submitted a proposed order in violation of Local Rule 3.01(f). While minor, this violation is another example of Plaintiff's disregard for the Court's Local Rules.

Third, although the motion contains a section titled "Memorandum of Law," it does not actually include a memorandum of law containing a cogent summary and application of the legal authority supporting Plaintiff's requested relief, as required by Local Rule 3.01(a). For example, the motion does not establish that Plaintiff properly executed service on Defendant, and

indeed, the motion provides no argument at all as to how and on what legal authority service was executed.

Based on this record, I conclude that Plaintiff or counsel or both are not concerned with prosecuting this case in a timely manner or complying with the requirements of the Local Rules. Those rules are not merely suggestions. Plaintiff's disregard of the requirements imposed by the Local Rules at nearly every step of the short history of this case and his failure to satisfy his burden to show excusable neglect after missing two deadlines warrants the dismissal of this case pursuant to Local Rule 1.10(d).

Accordingly, I respectfully **RECOMMEND** that this matter be **DISMISSED without prejudice** for failure to comply with the requirements imposed by the Local Rules, including the deadlines imposed by Local Rule 1.10.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver

of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on August 23, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Gregory A. Presnell

Counsel of Record